IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20080
Summary Calendar
_____

BASALTO SHIPPING COMPANY, S.A.,

                              Plaintiff-Appellee,

                    versus

HTCO-3011, ET AL.,

                              Defendants,

M/V VIKING STAR and
STARGAS S.P.A.,

                              Defendants-Appellants.

_____

Appeal from the United States District Court for
the Southern District of Texas
(H-96-CV-836)
_____

October 21, 1997

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     This litigation arises out of an allision that occurred in

the Houston Ship Channel between the *Marrero*, a tug owned and

operated by Higman Barge Lines with a long tow of two barges

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(HTCO-3011 and HTCO-3012), and the *Mare Queen*, a moored tanker owned and operated by Basalto. The district court found the *M/V Viking Star*, the vessel that bore down on the *Marrero* as it negotiated its turn into the Exxon Baytown terminal, 80% liable for damages proximately caused to the *Mare Queen*. The district court concluded that the *Viking Star* caused the *Marrero* to allide with the *Mare Queen* because the *Viking Star* exceeded a safe speed, failed to reduce her speed in violation of the Inland Rules,[2] and crowded the *Marrero* in violation of its agreement with the *Marrero* to hold back.

At the time of the casualty Stargas SPA owned and operated the *Viking Star*. Stargas, which seeks exoneration from or limitation of liability, asserts that the district court erred in its factual and legal determinations in apportioning liability between the *Viking Star* and the *Marrero*. Applying the "clearly erroneous" test to the trial court's factual findings, we affirm.

Stargas makes three arguments for reversal of the judgment below: (1) the district court disregarded the "multiple contrary contemporaneous" statements *Marrero* Captain Pretince Lee Spinks

---

[2]33 U.S.C. § 2008(e)("If necessary to avoid collision or allow more time to assess the situation, a vessel shall slacken her speed or take all way off by stopping or reversing her means of propulsion."); 33 U.S.C. § 2006 ("Every vessel shall at all times proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.").

made to the Coast Guard that do not support allegations of crowding; (2) the district court improperly applied the doctrine of *in extremis*; and (3) the actions of the *Marrero* were the superseding cause of the allision with the *Mare Queen*.

Stargas asserts that because Spinks initially reported to the Coast Guard that the *Viking Star*'s wake pushed the *Marrero* into the *Mare Queen*, Spinks cannot subsequently allege that the *Marrero* was crowded. As such, Stargas avers that the district court erred in its determination that the *Viking Star* crowded the *Marrero*. Despite Stargas's contention, the trial court's factual finding that the *Viking Star* crowded the *Marrero* will not be disturbed on appeal unless it is clearly erroneous.

> [A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.[3]

Stargas suggests that the district court did not give proper weight to the findings and conclusions of the Coast Guard, and

---

[3]Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985)(citations omitted).

that the court showed bias against the Coast Guard's reports. The district court, however, is not bound to accept the entire report of the Coast Guard. "[T]he admission of a report containing 'conclusions' is subject to the ultimate safeguard——the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions."[4] The district court was persuaded by other evidence, including insurance records and evidence the *Marrero* introduced. Moreover, the district court doubted the trustworthiness of the Coast Guard's reports which consisted of one-page of summary fact findings and one-half page of conclusions. In such situations the trial judge has the obligation to exclude portions of the report that she deems untrustworthy.[5]

Stargas next argues that the district court improperly applied the doctrine of *in extremis* which holds that "where, without prior negligence, a vessel is put in the very center of destructive natural forces and a hard choice between competing courses must immediately be made, the law requires that there be something more than mere mistake of judgment by the master in that decision *in extremis*."[6] Stargas contends that the doctrine

---

[4]<u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 168 (1988).

[5]<u>Id.</u> at 167.

[6]<u>Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc.</u>, 866 F.2d 752, 771 (5th Cir. 1989)(quoting <u>Boudoin v. J. Ray McDermott & Co.</u>, 281 F.2d 81, 84 (5th Cir. 1960)).

4

of *in extremis* is applicable only when the party asserting it is at no fault for being placed in a perilous position. Stargas asserts that because the court found the *Marrero* 20% liable, the court cannot appropriately use the *in extremis* doctrine. Although the district court found the *Marrero* negligent in failing to maintain a proper lookout, the court also determined that the *Viking Star's* failure to reduce her speed, in violation of its agreement and the Inland Rules, contributed to the accident. Under such circumstances, any error of Spinks must be judged leniently in accord with the *in extremis* doctrine.[7]

Stargas further contends that the *Marrero's* failure to communicate a problem and its failure to maintain a safe speed, were the superseding cause of the allision with the *Mare Queen*. The issue of superseding cause involves application of law to fact, which is left to the fact finder, subject to limited review.[8] The alleged negligence of the *Marrero* is not (as a matter of law) a superseding cause exonerating Stargas from liability for damages which the district court determined primarily resulted from the actions of the *Viking Star*. We find no clear error in the district court's determination that the causal initial negligence of the *Viking Star* in its failure to

---

[7]Id. at 772-73.

[8]Exxon v. Sofee, Inc., 116 S.Ct. 1813, 1819 (1996).

5

slow down as previously agreed contributed to the later accident and makes Stargas liable for its apportioned share of the loss to the *Mare Queen*.

AFFIRMED.